**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5023**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ANTOINE HILL,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (3:07-cr-00407-RLW-1)

Submitted:  July 6, 2009              Decided:  August 13, 2009

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Timothy V. Anderson, ANDERSON & ASSOCIATES, Virginia Beach, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Hill appeals his jury conviction and 300-month variant sentence for possession with intent to distribute heroin, in violation of 21 U.S.C. § 841 (2006), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006), and possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Hill asserts that: (i) the district court erred when it denied his suppression motion by allegedly misapplying the public safety exception to pre-Miranda[1] custodial statements and then incorrectly admitted his post-Miranda statements; (ii) the district court erred when it refused to instruct the jury that it could not conclude that Hill had "knowledge" of his drug possession from negligence, carelessness, or his belief in an inaccurate proposition; and (iii) ineffective assistance of counsel conclusively appears on the record because trial counsel failed to argue for an appropriate sentence and instead moved to withdraw just prior to sentencing.[2] Finding no reversible error, we affirm.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] Hill has also moved to file a pro se supplemental brief and to relieve his counsel and proceed pro se on appeal. Because there is no constitutional right to self-representation on appeal, see Martinez v. Court of Appeal, 528 U.S. 152, 161 (2000), and because we find that Hill did not move to proceed (Continued)

2

We find that Hill's pre-Miranda statement pertaining to a weapon located in his residence implicates the public safety exception to Miranda under New York v. Quarles, 467 U.S. 649 (1984). Police were aware that Hill did not reside in the apartment alone, and had reason to suspect that weapons were located in the residence. Moreover, at the time Hill was questioned, the residence had not yet been secured. Based on these circumstances, we find that Hill's pre-Miranda statement regarding the existence of a weapon in his apartment falls within the Quarles exception to Miranda and was properly admitted by the district court.

---

pro se at the earliest possible time, 4th Cir. R. 46(f), we deny Hill's motion to relieve counsel and to proceed pro se. Moreover, although Hill explains that he wishes to proceed pro se so he may move this Court for release pending appeal, because we affirm Hill's conviction and sentence, Hill's motion for release would be denied. See 18 U.S.C. § 3143(b) (2006) (providing that a criminal defendant should be detained pending appeal unless it appears, by clear and convincing evidence, that the appeal raises a substantial question of law or fact that requires reversal, an order for a new trial, a non-prison sentence, or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process"). We grant Hill's motion to file a pro se supplemental brief, but after considering the arguments raised therein, conclude that Hill's ineffective assistance of counsel claim is not cognizable on direct appeal. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006) (ineffective assistance of counsel claims are generally not cognizable on direct appeal unless the ineffectiveness "conclusively appears" on the record).

We nonetheless find that the transporting officer's pre-Miranda inquiry into whether drugs were located in Hill's residence does not implicate the Quarles exception. In fact, one of the officers admitted at the suppression hearing that there "is no officer safety purpose in knowing whether or not there [we]re drugs in the apartment." This finding, however, affords Hill no relief. Because the district court correctly admitted Hill's post-Miranda statements[3]—which were essentially identical to his pre-Miranda statements—we conclude that the jury "would not have found the [Government's] case significantly less persuasive" if the pre-Miranda statements had been excluded. See Schneble v. Florida, 405 U.S. 427, 432 (1972); see also United States v. Abu Ali, 528 F.3d 210, 231 (4th Cir. 2008) (recognizing that an error "will be deemed harmless if a

_____

[3] Hill's assertions to the contrary, the mere fact that Hill's post-Miranda statements confirmed his pre-Miranda admissions does not, in and of itself, render the post-Miranda statements involuntary and inadmissible. See Oregon v. Elstad, 470 U.S. 298, 314 (1985) (holding that "absent deliberately coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned admission does not warrant a presumption of compulsion" as to any subsequent, post-warning statement); United States v. Mashburn, 406 F.3d 303, 307-10 (4th Cir. 2005) (holding that a few pre-warning questions will not render post-warning responses involuntary and inadmissible if: (i) there was no evidence that an officer's failure to convey Miranda warnings was deliberate or intentional; and (ii) there was no evidence that the post-warning statement was involuntarily made). Accordingly, we conclude that the district court did not err in allowing Hill's post-Miranda statements to be presented to the jury.

reviewing court is able to say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error") (internal citations and quotation marks omitted), cert. denied, 129 S. Ct. 1312 (2009). Thus, because the jury would have received the same evidence even if Hill's pre-Miranda statements were suppressed by the district court, any error by the district court to admit Hill's pre-Miranda statement was harmless beyond a reasonable doubt.

We also conclude that the district court did not abuse its discretion when it denied Hill's proposed jury instruction.

> A district court's refusal to provide an instruction requested by a defendant constitutes reversible error only if the instruction: (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important[] that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.

United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) (internal quotation marks and citation omitted). Although the Government does not dispute that Hill's proposed jury instruction was a correct statement of the law, we find that Hill's requested instruction was substantially covered by the district court's remaining jury instructions.

5

Hill last asserts that his counsel was ineffective because he failed to file a sentencing memorandum with the district court, failed to argue for a variant sentence at his sentencing hearing, and instead moved to withdraw as counsel a day prior to Hill's sentencing hearing. Although Hill recognizes that this issue may be better left for review on a habeas corpus motion, Hill suggests that if the Court finds merit to his other arguments, "a remand for sentencing with prepared counsel" would be appropriate.

Even assuming, without deciding, that it was error for Hill's trial counsel to move to withdraw from representation just prior to his sentencing and to fail to argue for an appropriate sentence on his behalf, it does not conclusively appear on the record that but for counsel's purported errors, Hill's sentence would have been different. In fact, Hill's counsel concedes that "[i]t is impossible to know what factors could have or should have been presented to the Court at sentencing that may have persuaded the Court to depart by variance from the recommend[ed] sentencing guidelines."

Moreover, although the Government asked the district court to sentence Hill within his 360-month to life Guidelines range, the district court varied from the Guidelines range and imposed a 300-month sentence. Because it is not apparent that the district court would have varied further based on any

6

argument counsel may have made, we find that Hill's ineffective assistance claim based on counsel's failure does not conclusively appear on the record and, thus, is not cognizable on direct appeal. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984); <u>United States v. Baldovinos</u>, 434 F.3d 233, 239 (4th Cir. 2006).

Based on the foregoing, we deny Hill's motion to relieve his counsel and to proceed pro se on appeal, grant Hill's motion to file a pro se supplemental brief, deny Hill's motions for bail or release pending appeal as moot, and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>